(Decided 15th May, 1884.)

---

JAMES GROSS *vs.* STATE OF MARYLAND.

*Admissibility of a Letter in Evidence—Evidence inadmissible as calculated to Mislead the Jury.*

On the trial of J. G. on a charge of larceny, the State offered in evidence a letter purporting to have been written by the accused. As a foundation for its introduction, the State proved that it had been received by the person to whom it was addressed, from M. K., who was proven to be engaged to the accused; and then called M. K. as

a witness, and asked her the question "who wrote that letter?" to which she replied, "J. G.; I told you that before." The witness being then asked on cross-examination whether she knew the letter was in G's hand-writing, replied, "It looks like G's hand-writing, but I would not swear to his hand-writing unless I saw him write." The cross-examination was not pressed further, but upon the said answer of the witness, the prisoner objected to the admissibility of the letter. HELD:

That the letter was admissible in evidence.

The prisoner offered to prove by his mother, and other witnesses, that for about three years prior to the alleged offence, and since he had been in jail, he had been subject to fits, which he proffered to show were epileptic, and that they had weakened his mind, and which would tend to account for contradictory statements made by him about the possession of the money when he was arrested; but upon objection the Court below rejected the evidence, unless the prisoner would assure the Court that he would follow it up by proof to show that such fits rendered him irresponsible for his acts. This assurance the prisoner declined to give, and the proffered evidence was consequently rejected. On appeal it was HELD:

That the evidence was properly rejected, being well calculated to mislead the jury.

APPEAL from the Circuit Court for Allegany County.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, and BRYAN, J.

*William M. Price,* for the appellant.

*David W. Sloan, Robert H. Gordon,* and *Charles B. Roberts, Attorney-General,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

1. The prisoner, the present appellant, was indicted for stealing $205; and, on the trial, the State, after giving

·evidence tending to prove the guilt of the accused, offered in evidence a letter purporting to have been written by him to one John McLaughlin, after the indictment found, urging McLaughlin to become a witness and to swear that the accused had shown him, McLaughlin, a certain amount of money at a certain time before the alleged stealing occurred. The writer of the letter requested that the response should be made through a person called in the letter " Mattie." McLaughlin was produced as a witness by the State, and he proved that he had received the letter from the hand of Martha Kaylor, who, as the State proved, was engaged to be married to the accused, or in the terms of the exception, was the affianced of the accused. Martha Kaylor was then produced as a witness by the State, and she was asked the question, "Who wrote that letter?" to which she replied: "James Gross; I told you that before." The witness was then cross-examined by the counsel for the prisoner ; and upon being asked whether she knew the letter was in Gross's hand-writing, she answered,— "It looks like Gross's hand-writing, but I would not swear to his hand-writing, unless I saw him write." The cross-examination was not pressed further, as to whether she had ever seen the prisoner write, or whether she had other means of knowledge of his hand-writing, or as to any special knowledge she might have had in regard to the origin of the letter, or why she acted upon it, and delivered it to McLaughlin ; but upon the answer of the witness just quoted, the prisoner objected that the letter was not admissible. The Court over-ruled the objection, and allowed the letter to be read to the jury; and in so doing we think there was no error.

It is manifest the witness testified under feelings adverse to the prosecution. She had stated without qualification, on the examination-in-chief, that the letter was the letter of James Gross, the prisoner ; and she further stated, on cross-examination, that the letter looked like the hand-

writing of the prisoner. This she could not have stated without having some previous knowledge of the prisoner's hand-writing, in some way obtained. And when we take all of her answers together, there remains no doubt of the fact of her knowledge of the letter as having come from the prisoner; and though she said she would not swear to his hand-writing unless she saw him write, it did not by any means follow that she did not know that the letter was his, as she had declared in her examination-in-chief. There was no error, therefore, in the first exception.

2. And as to the second exception, we discover nothing in that to show error to the prejudice of the prisoner. It appears that the prisoner offered to prove by his mother and other witnesses, that for about three years prior to the alleged offence, and since he had been in jail, he had been subject to fits, which he proffered to show were epileptic, and that they had weakened his mind, and which would tend to account for contradictory statements made by him about the possession of the money when he was arrested; but, upon objection, the Court rejected this evidence, unless the prisoner would assure the Court that he would follow it up by proof to show that such fits rendered him irresponsible for his acts, which assurance the prisoner declined to give, and the proffered evidence was consequently rejected. In this ruling of the Court we are at a loss to conjecture in what the supposed error consisted. There is no evidence set out in the exception of any statements made by the prisoner whatever. But whatever they may have been, if the party was not so reduced and weakened in mind by reason of the fits, as to render him incapable of understanding the nature of his acts, and thus become irresponsible for what he might do or say, we do not understand upon what principle the evidence offered could have been received. We think it clear the Court was right in excluding the proffer made by the prisoner, as being well calculated to mislead the jury.

We shall therefore affirm the rulings as stated in both the bills of exception.

*Rulings affirmed, and*
*cause remanded.*

(Decided 22nd May, 1884.)